**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-mj-00010-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ANGEL DE JESUS CAZARES-FIGUEROA,

    Defendant.

_____

**ORDER OF DETENTION**
_____

THIS MATTER came before me for a preliminary hearing and a detention hearing on January 29, 2020, subsequent to the defendant's arrest on a Petition for Issuance of Warrant Due to Violation of Supervised Release. The Defendant waived his right to contest probable cause during the preliminary hearing, and contested detention.

Based upon the facts alleged in the Petition and Defendant's waiver of the preliminary hearing, the court finds that probable cause exists to believe that the defendant violated one or more conditions of his supervised release.

Rule 32.1(6) of the Federal Rules of Criminal Procedure governs the issue of detention where a person has been arrested for violating probation or supervised release. The Rule provides that the person must be taken without unnecessary delay before a magistrate judge who, among other things, must make a determination of detention as follows:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. **The burden of establishing that the person will**

1

> **not flee or pose a danger to any other person or to the community rests with the person.**

Fed. R. Crim. P. 32.1(6) (emphasis added).

Section 3143(a), 18 U.S.C., provides:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

      (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

    (B) the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to any other person or the community.

(Emphasis added.)

In making my findings of fact, I have taken judicial notice of the information contained in the court file and considered the facts set forth in the Petition and in the government's motion. Weighing the factors applicable under Rule 32.1(6), I find there is probable cause to believe that the defendant committed the violations charged in the Petition on Probation, i.e, that he has unlawfully reentered the United States after removal and has failed to check in with his supervising officer within 72 hours of reentry.

After considering all appropriate factors, I conclude that the defendant has failed to establish by clear and convincing evidence that she will not pose a danger to any other person or to the community. Specifically, I note that defendant has a history of unlawful reentry, that the underlying violation derives from the United States District Court for the Western District of Texas and there has been no showing that Defendant has either the means or the wherewithal to transport himself to that District for further proceedings.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:  January 29, 2020                         BY THE COURT:

                                                                          Nina Y. Wang
                                                                          United States Magistrate Judge